| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**MIDDLE DISTRICT OF LOUISIANA** | Civil Action: 17-60-SDD-RLB |
| **JAMES MILLION AND**<br>**GLORIA MILLION** | Honorable Judge Shelley D. Dick |
| **VERSUS** | **JURY TRIAL REQUESTED** |
| **EXXON MOBIL CORPORATION /**<br>**EXXONMOBIL CHEMICAL COMPANY/**<br>**EXXONMOBIL REFINING & SUPPLY COMPANY,**<br>**PROTHERM SERVICES GROUP, LLC,**<br>**BASIC INDUSTRIES, INC,**<br>**BASIC INDUSTRIES, LLC OF TEXAS,**<br>**BASIC INDUSTRIES OF TEXAS, INC.,**<br>**BROCK SERVICES, LLC,**<br>**BRACE INTEGRATED SERVICES, INC.,**<br>**BRAND SHARED SERVICES, LLC.,**<br>**BRAND SCAFFOLD SERVICES, INC.**<br>**BRAND ENERGY & INFRASTRUCTURE SERVICES, INC.** | **Magistrate:** Richard L. Bourgeois, Jr. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF CONTENTS

| | **Page** |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 2 |
| JURISDICTION AND VENUE | 5 |
| FACTUAL ALLEGATIONS | 5 |
| STATEMENT FOR RELIEF | 7 |
| CAUSE OF ACTION | 9 |
| PRAYER FOR RELIEF | 10 |

# AMENDED COMPLAINT

Plaintiffs **James Million** and **Gloria Million**, for this Complaint against Defendants who alleges as follows:

## NATURE OF ACTION

1. This action arises out of Defendants' actionable conduct and omission of corrective action in connection with the personal injuries of the Plaintiffs.

## PARTIES

1. The **plaintiff, James Million** (*hereinafter referred to as "James"),* is a resident of the United States and of Gonzales, LA and is and was at all times relevant herein a resident of the parish of Ascension, State of Louisiana.  **PLAINTIFF James Million** is a citizen of Louisiana.  All actions committed against the plaintiff were conducted in East Baton Rouge, Louisiana.

2. The **plaintiff, Gloria Million** (*hereinafter referred to as "Gloria"*), is the spouse of **James Million** and a resident of the United States and of Gonzales, LA and is and was at all times relevant herein a resident of the parish of Ascension, State of Louisiana.  **PLAINTIFF Gloria Million** is a citizen of Louisiana.  All actions committed against the **PLAINTIFF** were conducted in East Baton Rouge, Louisiana.

3. The **defendant, EXXON MOBIL CORPORATION/ EXXONMOBIL CHEMICAL COMPANY/EXXONMOBIL REFINING & SUPPLY COMPANY (and its subsidiaries)** (*hereinafter referred to as Exxon Mobil*) is a foreign corporation with its Principal Place of Business in Texas and its place of incorporation in New Jersey.  **EXXON MOBIL** is a citizen of Texas and New Jersey.  **EXXONMOBIL CHEMICAL COMPANY and EXXONMOBIL REFINING & SUPPLY COMPANY** are trade

names for **EXXON MOBIL CORPORATION**

4. The **defendant, PROTHERM SERVICES GROUP, LLC** is a limited liability company whose sole member is **BRAND SERVICES, LLC. BRAND SERVICES, LLC** is a limited liability company whose name changed on February 6, 2017 to **BRAND SHARED SERVICES, LLC. BRAND SHARED SERVICES, LLC** is a limited liability company whose sole member is **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC. BRAND ENERGY & INFRASTRUCTURE SERVICES, INC** has its place of incorporation in Delaware and its principal place of business in Georgia. PROTHERM SERVICES GROUP, LLC is a citizen of Delaware and Georgia.

5. The **defendant, BASIC INDUSTRIES of TEXAS, INC**. merged with **BASIC INDUSTRIES, INC**. **BASIC INDUSTRIES, INC** merged with **BROCK SERVICES, LLC. BASIC INDUSTRIES of TEXAS, INC**. is a citizen of Texas.

6. The **defendant, BASIC INDUSTRIES, LLC OF TEXAS** merged with **BRACE INTEGRATED SERVICES, INC. BRACE INTEGRATED SERVICES, INC.** has its principal place of business in Texas and its place of incorporation in Kansas. **BASIC INDUSTRIES, LLC OF TEXAS** is a citizen of Texas and Kansas.

7. The **defendant, BROCK SERVICES, LLC** is a limited liability company, operating as a corporation, with its principal place of business in Texas and its place of incorporation in Texas. **BROCK SERVICES, LLC** is a citizen of Texas.

8. The **defendant, BRACE INTEGRATED SERVICES, INC**. is a foreign corporation with its Principal place of business in Texas and its place of incorporation in Kansas. **BRACE INTEGRATED SERVICES, INC** is a citizen of Texas and Kansas.

9. The **defendant**, **BRAND SERVICES, LLC** is a limited liability company who changed its name to **BRAND SHARED SERVICES, LLC** on February 6, 2017. **BRAND SHARED SERVICES, LLC's** sole member is **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC. BRAND ENERGY & INFRASTRUCTURE SERVICES, INC** has its place of incorporation in Delaware and its principal place of business in Georgia. **BRAND SERVICES, LLC** is a citizen of Delaware and Georgia.

10. The **defendant**, **BRAND SHARED SERVICES, LLC** is a limited liability company whose name changed from **BRAND SERVICES, LLC** on February 6, 2017 to **BRAND SHARED SERVICES, LLC. BRAND SHARED SERVICES, LLC's** sole member is **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC. BRAND ENERGY & INFRASTRUCTURE SERVICES, INC** has its place of incorporation in Delaware and its principal place of business in Georgia. **BRAND SHARED SERVICES, LLC** is a citizen of Delaware and Georgia.

11. The defendant, **BRAND SCAFFOLD SERVICES, INC.** is a corporation whose name changed to **BRAND SERVICES, INC.** on February 10, 2000 and then to **BRAND SERVICES, LLC** on August 18, 2008 and then to **BRAND SHARED SERVICES, LLC** on February 6, 2017, subsequent to the filing of the original complaint. **BRAND SCAFFOLD SERVICES, INC.** has its place of incorporation in Delaware and its principal place of business in Georgia. **BRAND SCAFFOLD SERVICES, INC**. is a citizen of Delaware and Georgia.

12. The **defendant**, **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC** is a corporation. **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC.** has its

place of incorporation in Delaware and its principal place of business in Georgia. **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC.** is a citizen of Delaware and Georgia.

## JURISDICTION AND VENUE

2. Jurisdiction of this matter is based upon diversity of citizenship, 28 U.S.C. 1332, (a)(1), 28 U.S.C. 1332, (b)(1), and the matter in controversy, exclusive of interest and cost, far exceed the sum of $75,000.

3. Jurisdiction and venue are proper in that all acts and omissions, including plaintiff's (**James Million**) exposure to hazardous chemicals by the defendants complained of herein occurred in the East Baton Rouge, State of Louisiana.

4. Said defendants are justly and truly indebted to petitioners, **James Million** and **Gloria Million**.

## FACTUAL ALLEGATIONS

5. **James** worked in the chemical plaint industry for over 40 years while being exposed to numerous hazardous and toxic chemicals.

6. **James** performed many duties, including but not limited cleaning the inside of various trucks that transported many extremely hazardous chemicals. Many times, upon the conclusion of performing the aforementioned task, despite the wearing of protective gear, his clothes would be soaked with residual portions of the hazardous chemicals and other materials used to clean the hazardous materials. Moreover, the ventilation in these areas of the workplace was extremely poor, in addition to being subjected to other unreasonably dangerous conditions.

7. **James** retired sometime in 2008 or 2009.

8. During the course of **James**' exposure to the hazardous chemicals, he worked for several companies that were subcontracted by the defendant, **Exxon Mobil**.

9. Specifically, at various and separate times, **James** was subcontracted through **Basic Industries, Inc** and **Protherm Services Group, LLC.**

10. Upon information and belief, **Exxon Mobil** supplied, manufactured and used the hazardous and toxic chemicals and other unsafe materials exposed to the plaintiff, **James** as well as others.

11. In February of 2016, **James** was diagnosed with Lymphoma Cancer and having Pulmonary Embolism's. Upon information and belief, many of the hazardous chemicals and materials in which **James** was exposed to were known as cancer causing chemicals.

12. **James**'s diagnosis of Pulmonary Embolisms is likely a result of the cancer.

13. The Petitioners incorporate by reference all the above paragraphs as though fully set forth herein.

    a. At the time of the injuries, the Plaintiffs were married and that the Plaintiffs continue to be married.

    b. That as a result of the injuries, the Plaintiffs were caused to suffer and will continue to suffer in the future, loss of consortium, loss of society, affection, nurturing, assistance and with respect between petitioner and his spouse, conjugal fellowship, all to the detriment of the martial relationship.

    c. As a direct and proximate result of the defendants' negligence and strict liability, **James Million** and **Gloria Million** suffered loss of consortium.

14. As a direct and proximate result of defendants' negligence and strict liability, **James Million** contracted cancer and multiple severe life-threatening Pulmonary Embolisms and

has and will suffer permanent injury and damages, including past and future medical bills, pain and suffering, and wage loss.

15. Defendants' actions in exposing **James** to hazardous chemicals and materials and their failure to implement preventive procedures to reduced the risk of injuries or damages constitute complete indifference to or conscious disregard for the safety of **James Million** and others, and punitive damages and aggravating circumstances damages are therefore warranted.

## STATEMENT OF RELIEF

16. The foregoing paragraphs are re-alleged and incorporated by reference herein.

## COUNT I
### (Negligence)

17. Plaintiffs incorporate by reference the following allegations.

18. The defendants were negligent in the following respects:

    a. In failing to provide adequate and effective protective gear and safety equipment;

    b. In failing to ensure proper ventilation of work areas;

    c. In failing to properly educate employees on proper procedures to protect themselves from hazardous and toxic chemicals;

    d. In failing to abide by the OSHA and other federal and state requirements with regard to work exposure to hazardous chemicals;

    e. In failing to properly substitute lesser hazardous materials, processes, and/or equipments to reduce the risk of injury or illness;

    f. In failing to properly isolate hazard materials from plaintiff, **James** and others;

g. In failing to take preventive maintenance or adjusted work schedules to reduce to hazardous exposure with regard to plaintiff, **James** and other employees.

19. As a direct and proximate result of the defendants' negligence, plaintiffs were injured and damaged.

WHEREFORE, plaintiffs **James Million** and **Gloria Million** pray judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

**COUNT II**
**(Strict Liability)**

20. Plaintiffs incorporate by reference the following allegations.
21. At all times hereto, defendants exposed plaintiff, **James** to hazardous and toxic chemicals in the workplace.
22. The hazardous materials and/or safety or protective equipment were in a defective condition and unreasonably dangerous when put to a reasonably anticipated use for reasons including but not limited to:

    a. There was inadequate instructions from defendants to plaintiff, **James** as to the safe use of the hazardous materials and/or safety and protective equipment;

    b. The hazardous chemicals were inherently ultra hazardous; and

    c. Defendants failed to take protective measures to enforce, redesign policies and procedures, and evaluate conditions to reduce the risk of the hazardous exposure causing injury or illness.

23. **James Million's** development of Lymphoma cancer and pulmonary embolisms was a foreseeable result of the exposure to the hazardous and toxic chemicals by the defendants.

24. **James Million's** and **Gloria Million's** loss of consortium was a foreseeable result of the injuries suffered by **James**.

25. As a direct and proximate result of the foregoing defects in the defendant's hazardous materials and/or safety and/or protective equipment, the plaintiffs were damaged.

    WHEREFORE, plaintiffs **James Million** and **Gloria Million** pray judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

## CAUSE OF ACTION

## LOUISIANA CIVIL CODE ART 2315

26. Plaintiffs incorporate by reference the following allegations.

27. At all times hereto, defendants exposed plaintiff, **James** to hazardous and toxic chemicals in the workplace.

28. Plaintiff, **James's** exposure to hazardous chemicals and materials by the defendants caused him to suffer severe life-threatening injuries and damage.

29. Plaintiffs suffered loss of consortium as a result of the defendant's actions.

30. As a direct and proximate result of the foregoing, the plaintiffs were damaged.

    WHEREFORE, plaintiffs **James Million** and **Gloria Million** pray judgment against defendants in an amount exceeding $75,000, for punitive damages, for aggravating circumstances damages, and for costs, prejudgment and post-judgment interest, and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that upon a trial hereof they be granted judgment against all named Defendants as follows:

A. Damages as allowed on each Personal Injury and Claim for Relief in an amount equal to the plaintiff's damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction, according to proof at the time of trial;

B. Punitive, Compensatory and exemplary damages;

C. All together with any interest, pre-and post-judgment, costs and disbursements; and Attorney Fees

D. Such other and further relief available under the law and as this Court deems just and proper.

FURTHER, Plaintiff prays that a jury trial is granted in this matter.

**RESPECTFULLY SUBMITTED BY:**

/s/ JP Gorham

_____

**J.P. Gorham Bar No. 31746**
**JP GORHAM ATTORNEY AT LAW, LLC**
**Po box 86928**
**Baton Rouge, La 70879**
**Telephone (225) 341-5939**