# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES MILLION, ET AL.　　　　　　　　　　　CIVIL ACTION

VERSUS

　　　　　　　　　　　　　　　　　　　　　　NO. 17-60-SDD-RLB

EXXON MOBIL CORPORATION, ET AL.

## ORDER

Before the Court is defendant Protherm Services Group, LLC's ("Protherm") Motion to Compel Discovery Responses from Plaintiff (R. Doc. 46) filed on February 18, 2018. The motion is opposed. (R. Doc. 49).

**I.　　Background**

On October 18, 2017, Protherm propounded Interrogatories and Requests for Production on plaintiff James Million. (R. Doc. 46-4).

On November 21, 2017, having not received timely responses to the foregoing written discovery, defense counsel scheduled a telephone discovery conference. (R. Doc. 46-5). That same day, Plaintiffs' counsel informed defense counsel that responses would be provided by December 20, 2017, and a Social Security Earnings printout would be provided in the interim. (R. Doc. 46-6). Plaintiffs' counsel provided the Social Security records later that day. (R. Doc. 49-2).

On December 14, 2017, Plaintiffs' counsel requested an additional extension to January 22, 2018 in light of Mr. Million's hospitalization. (R. Doc. 46-7 at 2). Defense counsel agreed to an extension to January 8, 2018. (R. Doc. 46-7 at 1).

On February 18, 2018, having received no responses to the discovery requests, Protherm filed the instant motion, seeking an order requiring responses to be provided within 10 days of the order and an award of reasonable expenses incurred in bringing the motion. (R. Doc. 46).

In opposition, Mr. Million represents that he has been unable to provide responses to the written discovery requests in light of his multiple hospitalizations, deteriorating health, and treatment for cancer. (R. Doc. 49-1 at 1-2). Mr. Million further argues that Protherm should not be awarded expenses under the circumstances. (R. Doc. 49-1 at 2-3). Referencing Louisiana law, Mr. Million further argues that certain discovery requests (namely Interrogatory Nos. 5, 8, and 7 and Request for Production No. 10) are objectionable. (R. Doc. 49-1 at 4-5). Finally, Mr. Million argues that he should be awarded fees incurred in defending the instant motion. (R. Doc. 49-1 at 5).

## II.  Law and Analysis

### A.  Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

Having considered the arguments of the parties, the Court finds no basis for denying the instant motion to compel. There is no dispute that the written discovery was properly served on October 18, 2017, Protherm extended the deadline to respond to January 8, 2018, and then waited another month to receive responses prior to seeking relief from the Court on February 18, 2018. At no point in this litigation has Mr. Million sought a stay of discovery or any protective order regarding discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Furthermore, Mr. Million provides no timeline in his opposition for when he anticipates that responses will be provided.

Accordingly, the Court will grant the instant motion to the extent it seeks an order requiring Mr. Million to provide responses to Protherm's Interrogatories and Requests for Production within the timeframe requested. The Court takes no position as to whether any particular discovery request is overly broad or otherwise objectionable. To the extent there is any dispute regarding the permissible scope of the requests or the sufficiency of any responses, counsel must confer directly to discuss any dispute before filing any additional motion to compel or motion for a protective order pursuant to Rule 26(c). In addition to any requirements set forth in the Federal Rules of Civil Procedure, any discovery related motions in this matter must contain an appropriate certification regarding the parties' attempt to resolve the dispute without judicial intervention. **That certification shall specifically identify (1) who participated in the conference, (2) how the conference was conducted (by phone or in person), (3) how long the conference lasted (number of minutes), (4) what topics were discussed, and (5) what topics were resolved.**

Given the circumstances, the Court finds an award of expenses to be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Protherm's Motion to Compel (R. Doc. 46) is **GRANTED**. The plaintiff James Million must provide complete responses to Protherm's Interrogatories and Requests for Production (R. Doc. 46-4) **on or before March 23, 2018**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on March 13, 2018.

                                  **RICHARD L. BOURGEOIS, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**