# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JAMES MILLION, ET AL.**                                     CIVIL ACTION

**VERSUS**
                                                             NO. 17-60-SDD-RLB
**EXXON MOBIL CORPORATION/EXXONMOBIL**
**CHEMICAL COMPANY, ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Request Reconsideration (R. Doc. 61) filed on January 26, 2019. The defendants Brock Services, LLC ("Brock") and Protherm Services Group, LLC ("Protherm") have filed an opposition. (R. Doc. 63).[1]

The deadline to amend the pleadings expired on December 5, 2017, and the deadline to complete non-expert discovery expired on December 31, 2018. (R. Doc. 45; R. Doc. 54). Trial is set to commence on April 6, 2020. (R. Doc. 55).

Plaintiffs filed a Motion for Leave to Amend Complaint (R. Doc. 57) on January 9, 2019. Plaintiffs represented that the motion was unopposed. (R. Doc. 57 at 2). The Court nevertheless denied the motion on the basis that while it sought to name two new defendants, Cos Mar and Harmony, LLC, it did not provide a proposed pleading or citizenship information regarding the proposed defendants. (R. Doc. 58).

The Court construes the instant motion as a renewed motion for leave to amend the pleadings. Through the instant motion, Plaintiffs submit a proposed pleading providing the citizenship particulars for a new defendant, Cos-Mar Company. (R. Doc. 61-1). The proposed pleading indicates that the joinder of Cos-Mar Company as a defendant will not destroy diversity

---

[1] The deadline for filing an opposition has not expired. LR 7(f). Other defendants may also oppose the instant motion.

jurisdiction over the action pursuant to 28 U.S.C. § 1332. It appears that Plaintiffs are no longer seeking to name Harmony, LLC as a defendant.

In addition to adding Cos-Mar Company as a defendant, the proposed pleading includes various changes from the Second Amended Complaint (R. Doc. 24). None of these changes are referenced in the motion or brought to the Court's attention. These changes include new allegations that the defendants' actions were intentional and, accordingly, that the defendants are not entitled to workers compensation immunity pursuant to the exclusivity provision of the Louisiana Workers Compensation Act, La. R.S. 23:1032. (*See* R. Doc. 61-2 at 5, 9). In opposing the instant motion, Brock and Protherm represent that while they consented to the addition of Cos-Mar Company as a defendant, they have not consented to the addition of the allegations found in paragraphs 21-25 and 46-47 of the proposed pleading, which include the new intentional tort allegations. (R. Doc. 63 at 1). Indeed, prior to the filing of the instant motion, Brock and Protherm filed motions for summary judgment seeking dismissal of the claims against them based upon workers compensation exclusivity. (R. Doc. 59; R. Doc. 60).

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

In support of the instant Motion, Plaintiffs did not inform the Court of the proposed addition of the intentional tort allegations (as well as other modifications to the Second Amended Complaint) found in their proposed pleading. Plaintiffs also did not provide any explanation why new intentional tort allegations should be allowed over one year after the deadline to amend the pleadings and after the close of non-expert discovery. Accordingly, the Court does not find good cause to allow Plaintiffs to file an untimely amendment to the pleadings raising these allegations.

Based on the foregoing,

**IT IS ORDERED** it is ordered that Plaintiffs' Motion (R. Doc. 61) is **DENIED**. Should Plaintiffs seek leave to amend the pleadings to name Cos-Mar Company or any additional defendants, Plaintiffs shall address the good cause requirement of Rule 16(b)(4). Furthermore, any future motion to amend filed by Plaintiffs shall provide, in addition to the proposed pleading, a redlined version indicating the modifications to the proposed pleading with respect to the operative pleading in the action. Finally, any future motion to amend shall indicate whether and to what extent the motion is opposed, and counsel for Plaintiff shall provide a copy of the proposed amended pleading to opposing counsel to make that determination.

Signed in Baton Rouge, Louisiana, on February 7, 2019.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE