# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MILLION AND GLORIA MILLION | CIV. ACTION NO. 17-00060 |
| VERSUS | CHIEF JUDGE SHELLY D. DICK |
| EXXON MOBIL CORPORATION/ EXXON CHEMICAL COMPANY, ET AL. | MAG. JUDGE RICHARD L. BOURGEOIS, JR. |

## RULING

This matter is before the Court on two motions for summary judgment: the *Motion for Summary Judgment*[1] filed by Defendant, Protherm Services Group, LLC ("Protherm"); and the *Motion for Summary Judgment*[2] filed by Defendant, Brock Services, LLC ("Brock"; collectively "Defendants").[3] Plaintiffs, James Million and Gloria Million ("Plaintiffs" or "Million"), filed an *Opposition*[4] to Protherm's motion and filed an *Opposition*[5] to Brock's motion. Protherm replied.[6] Brock replied.[7]

Also before the Court is a *Motion to Strike*[8] by Protherm, to which Plaintiffs filed an *Opposition*.[9]

---

[1] Rec. Doc. No. 59.
[2] Rec. Doc. No. 60.
[3] Plaintiffs name Basic Industries ("Basic") as a Defendant in this matter. Rec. Doc. No. 1. Basic is the predecessor company of Brock, and Basic is no longer an active company. For purposes of these motions, the Court will refer to both Basic and Brock, in the role as Plaintiff's employer, as "Brock".
[4] Rec. Doc. No. 75.
[5] Rec. Doc. No. 78.
[6] Rec. Doc. No. 94.
[7] Rec. Doc. No. 92.
[8] Rec. Doc. No. 84.
[9] Rec. Doc. No. 95.
52393

For the reasons that follow, Protherm's motion to strike is **DENIED**, and Defendants' motions for summary judgment are **GRANTED**.

## I.  FACTUAL BACKGROUND

Plaintiffs are James Million, an employee of Protherm[10] and Brock,[11] and his wife, Gloria Million, who is bringing claims of loss of consortium.[12]  Protherm contracted with Exxon to clean the inside of trucks that transported hazardous chemicals.[13]  Plaintiff James Million alleges that he was exposed to hazardous chemicals when cleaning the trucks as the chemicals would soak his protective clothing and the ventilation was "extremely poor".[14]

Plaintiffs allege that Brock contracted with Exxon to clean the inside of trucks that transported hazardous chemicals;[15] however, Plaintiff testified that he did not clean trucks that transported hazardous materials while employed with Brock.[16]  Plaintiff alleges that he was exposed to hazardous chemicals when working for Brock at Exxon when metal wires that contained chemicals would prick his gloves or when the chemicals would run down his sleeve while he was working.[17]  Plaintiffs further allege that James Million was

---

[10] Rec. Doc. No. 59-3, Declaration of Rick Dunlap, Vice-President for Technical Services for BrandSafway LLC (formerly Protherm), p. 2.
[11] James Million was employed with Basic, a predecessor company of Brock, and then with Brock from 1992 to 2002.  As an employee of Basic and then Brock, Million performed work for Exxon.  In 2002, Brock lost its contract with Exxon to Protherm.  At that time, Million began working for Protherm.  Rec. Doc. No. 60-3, Deposition of James Million, pp. 21, 109.  Both Brock and Protherm have motions for summary judgment pending before the Court, arguing that Brock and Protherm are statutorily immune from liability based on the exclusivity of the Louisiana Workers' Compensation Act ("LWCA").  Rec. Doc. No. 59, 60.  In opposition to both motions, Plaintiffs argue the intentional act exception to tort immunity under the LWCA. Rec. Doc. No. 75, 78.
[12] Rec. Doc. No. 1.
[13] *Id.*, p. 4.
[14] *Id.*
[15] *Id.*, p. 4.
[16] Rec. Doc. No. 60-3, p. 23.
[17] Rec. Doc. No. 60-3, p. 110.
52393

diagnosed with lymphoma cancer and pulmonary embolisms, allegedly known to be caused by "cancer causing chemicals".[18]

In their original *Complaint*, Plaintiffs plead claims of negligence and strict liability only.[19] Plaintiffs amended their *Complaint* on June 6, 2017, and plead the same causes of action of negligence and strict liability.[20] A second amendment to the *Complaint* was allowed on June 22, 2017, and Plaintiffs maintained the same causes of action.[21] Plaintiffs sought leave of court to amend their *Complaint* a third time on January 9, 2019.[22] The Court denied Plaintiffs' motion for leave to amend.[23] Plaintiffs then sought reconsideration of this ruling,[24] which was also denied.[25] The Court stated that one of the reasons that Plaintiffs were denied a third amendment was because one of the proposed changes included "new allegations that the defendants' actions were intentional and, accordingly, that the defendants are not entitled to workers compensation immunity pursuant to the exclusivity provision of the Louisiana Workers Compensation Act".[26] On February 19, 2019, Plaintiffs sought leave of court a second time, again seeking to amend the *Complaint* a third time,[27] and the proposed amended complaint includes allegations of an intentional tort in order to circumvent the exclusivity of the Louisiana Workers Compensation Act ("LWCA").[28] The second motion for leave of court was denied.[29]

---

[18] Rec. Doc. No. 1, p. 5.
[19] *Id.*, pp. 6-8.
[20] Rec. Doc. No. 18.
[21] Rec. Doc. No. 24.
[22] Rec. Doc. No. 57.
[23] Rec. Doc. No. 58.
[24] Rec. Doc. No. 61.
[25] Rec. Doc. No. 66.
[26] *Id.*, p. 2 (citing Rec. Doc. No. 61-2, pp. 5, 9).
[27] Rec. Doc. No. 69.
[28] Rec. Doc. No. 69-6, p. 10.
[29] Rec. Doc. No. 96.

52393

Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendants contend that all of the allegations by Plaintiffs constitute acts of negligence or strict liability; that Plaintiffs have not alleged intentional acts; and that Plaintiffs cannot make an evidentiary showing of an intentional act.[30] Brock also argues, in the alternative, that Plaintiffs cannot prove medical causation.[31] Defendants argue that Plaintiffs' allegations fail to surmount tort immunity under the LWCA and should be dismissed as a matter of law.[32]

II. **LAW AND ANALYSIS**

   A. **Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[33] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[34] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[35] If the moving party "fails

---

[30] Rec. Doc. No. 59, 60, 92, 94.
[31] Rec. Doc. No. 60, 92.
[32] Rec. Doc. No. 59, 60, 92, 94.
[33] Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).
[34] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).
[35] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex,* 477 U.S. at 323-25, 106 S.Ct. at 2552).
52393

to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[36]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[37] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[38] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[39] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[40] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[41]

### B. Protherm's Motion to Strike Plaintiffs' Statement of Facts

Plaintiffs submitted a *Statement of Contested Facts in Opposition to Protherm's Motion for Summary Judgment* on March 8, 2019.[42] Protherm filed a *Motion to Strike Plaintiffs' Statement of Facts* on March 13, 2019, based on untimeliness.[43] Specifically,

---

[36] *Id.* at 1075.
[37] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).
[38] *Little,* 37 F.3d at 1075; *Wallace,* 80 F.3d at 1047.
[39] *Wallace,* 80 F.3d at 1048 (quoting *Little,* 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).
[40] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing,* 70 F.3d 26 (5th Cir. 1995).
[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
[42] Rec. Doc. No. 77.
[43] Rec. Doc. No. 84.
52393

Protherm argued that Plaintiffs timely filed their *Opposition*[44] on March 6, 2019; however, Plaintiffs did not include a statement of material facts as to which there exists a genuine issue to be tried in accordance with Local Rule 56(b).[45] Two days later, Plaintiffs filed a statement of contested facts with an attached exhibit. Protherm seeks to have the statement stricken as untimely.[46]

Plaintiffs opposed Protherm's motion to strike.[47] Plaintiffs argued that "due to inadvertence and oversight, Plaintiffs' statement of facts, which created a genuine issue of fact with their opposition, were filed on March 8, 2019".[48] Plaintiffs claim that their error was "excusable neglect".[49]

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.[50] However, motions to strike are disfavored and should be used "sparingly" because they are a "drastic remedy to be resorted to only when required for the purposes of justice."[51] A motion to strike should be granted only when the challenged allegations are "prejudicial to the defendant or immaterial to the lawsuit."[52]

---

[44] Rec. Doc. No. 75.
[45] Rec. Doc. No. 84, p. 1.
[46] *Id.*
[47] Rec. Doc. No. 95.
[48] *Id.*, p. 1.
[49] Rec. Doc. No. 95, p. 2.
[50] *Frank v. Shell Oil Co.*, 828 F.Supp.2d 835, 852 (E.D. La. 2011), reconsideration granted in part on other grounds, 2012 WL 1230736 (E.D. La. Apr. 12, 2012).
[51] *Id.*
[52] *Id.*
52393

Protherm is correct that Plaintiffs' statement of contested facts should be included with their opposition.[53] Instead, Plaintiffs' counsel admits that she erred in failing to submit the statement with the opposition; however, she quickly rectified the error within two days, as soon as she was aware of the deficiency, and before Protherm filed its reply memorandum. While the Court notes that all parties are to abide by the applicable rules and timeline in place, the Court is not aware of any prejudice or harm incurred by any party in this instance. Therefore, in the interest of justice, the Court will consider Plaintiff's untimely *Statement of Contested Facts in Opposition to Protherm's Motion for Summary Judgment.* As such, Protherm's *Motion to Strike* is denied.

### C. LWCA and the Intentional Act Exception[54]

Because this is a diversity case, state law provides the elements of Plaintiffs' claims.[55] Pursuant to the LWCA, an employer must provide workers' compensation benefits to its injured employees. In exchange, the employer receives immunity from suits in tort arising from any accidental injuries sustained by an employee.[56] Thus, the Act provides the exclusive remedy for injury claims unless the injury results from an intentional act.[57]

---

[53] Local Rule 56(b).
[54] Defendants are correct that Plaintiffs' current *Complaint* does not allege an intentional tort. Plaintiffs' second motion for leave of court to amend the *Complaint* to assert intentional act claims was denied. Rec. Doc. No. 96. As the current pleadings reflect, there is no allegation of intentional acts by any defendant. Plaintiffs argue the intentional act exception in their opposition. Although this claim has not been properly pled, the Court will address the intentional act exception to tort immunity under the LWCA.
[55] *See Thrash v. State Farm Fire & Cas. Co.,* 992 F.2d 1354, 1356 (5th Cir. 1993) (citations omitted).
[56] La. R.S. § 23:1032(A)(1)(A)("the rights and remedies herein granted … shall be exclusive of all other rights, remedies, and claims for damages …").
[57] La. R.S. § 23:1032(B) ("Nothing in this Chapter shall affect the liability of the employer, … to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.").
52393

The intentional act exception provides that an employee may sue in tort to recover beyond worker's compensation benefits when the injury is proximately caused by the employer's intentional tortious act.[58] "The words 'intentional act' mean the same as 'intentional tort' in reference to civil liability."[59] The exception requires that the person acting and causing injury must either: (1) "consciously desire[ ] the physical result of his act, whatever the likelihood of that result happening from his conduct", or (2) "know[ ] that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."[60] The focus is on the consequences of the act rather than the act itself: "Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional."[61]

A plaintiff's burden "for showing the elements of an employer's intentional act within the meaning of the statutory exception is exacting,"[62] "and Louisiana courts, as well as federal courts sitting in diversity, have consistently noted that the intentional act exception is to be narrowly interpreted."[63] As such, the standard for prevailing on a claim of intentional tort under Louisiana law is "extremely high."[64] "Even knowledge of a high

---

[58] *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99), 731 So.2d 208, 210; La. R.S. § 23:1032(b).
[59] *Bazley v. Tortorich*, 397 So.2d 475, 480 (La. 1981).
[60] *Id.* at 481; *see also White v. Monsanto Co.*, 585 So.2d 1205, 1208 (La. 1991); *Reeves,* 731 So.2d at 211.
[61] *White*, 585 So.2d at 1208.
[62] *Hodges v. The Mosaic Co.,* No. 05-5201, 2007 WL 2008503, at *4 (E.D. La. July 6, 2007).
[63] *Chiasson v. Hexion Specialty Chemicals, Inc.*, No. 11-0959, 2012 WL 3683542, at *6 (E.D. La. Aug. 27, 2012)(citing *e.g., Reeves*, 731 So.2d at 211-12 (citations omitted); *Cole v. State, Dep't of Public Safety & Corrections*, 2001-2123 (La. 9/4/02), 825 So.2d 1134, 1140-41; *Snow v. Lenox Int'l*, 27,533 (La.App. 2 Cir. 11/1/95), 662 So.2d 818, 820; *Rogers v. La. Dept. of Corrections*, 43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, 259, *writ denied*, 992 So.2d 931 (La. 2008); *Bridges v. Carl E. Woodward, Inc.*, 94-2675 (La.App. 4 Cir. 10/12/95), 663 So.2d 458, *writ denied*, 666 So.2d 674 (La. 1996); *Guillory v. Dorntar Indus., Inc.*, 95 F.3d 1320 (5th Cir. 1996); *Dark v. Georgia-Pacific Corp.,* 176 Fed. App'x 569 (5th Cir. 2006)).
[64] *Wilson v. Kirby Corporation*, No. 12-0080, 2012 WL 1565415, at *2 (E.D. La. May 1, 2012).
52393

degree of probability that injury will occur is insufficient to establish that the employer was substantially certain that injury would occur so as to impute intent to him within the intentional tort exception to the worker's compensation statute exclusive remedy provisions."[65] Therefore, "[s]ubstantial certainty requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to inevitable, virtually sure and incapable of failing."[66]

"Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering the claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character."[67] Mere knowledge and appreciation of risk alone do not constitute intent.[68] Furthermore, even an employer's knowledge that a situation is dangerous does not give rise to substantial certainty that injury will result.[69] "[B]elieving that someone may, or even probably will, eventually get hurt if the workplace practices continue does not rise to the level of an intentional act, but instead falls within the range

---

[65] *Id.*, citing *King v. Schulykill Metals Corporation*, 581 So.2d 300, 303 (La.App. 1 Cir. 1991).
[66] *Id.*, quoting *King*, 581 So.2d at 302 (internal citations omitted).
[67] *Reeves*, 731 So.2d at 210 (quotation omitted); *see also Micele v. CPC of Louisiana, Inc.*, 98-0044 (La.App. 4 Cir. 3/25/98), 709 So.2d 1065 (noting that courts in Louisiana "have cautioned that the intentional tort exception should be narrowly construed, holding that mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulations or the failure to use safety equipment by an employer does not constitute intentional wrongdoing") (citations omitted)).
[68] *Williams v. Gervais F. Favrot Co.*, 573 So.2d 533 (La.App. 4 Cir. 1991), *writ denied*, 576 So.2d 49 (La. 1991).
[69] *Id.*, citing *Marino v. Martin's Oil Country Tubular, Inc.,* 931 So.2d 1089, 1090 (La. 2006) (citing *Armstead v. Schwegmann Giant Super Markets, Inc.*, 618 So.2d 1140 (La.App. 4 Cir. 1993), *writ denied*, 629 So.2d 347 (La. 1993)); *see also Guillory*, 95 F.3d at 1327 ("The substantial certainty test is satisfied when an employer consciously subjects an employee to a hazardous or defective work environment where injury to the employee is nearly inevitable.").
52393

of negligent acts that are covered by workers' compensation."[70] Moreover, even knowledge that similar injuries have occurred in the past does not establish that injury is substantially certain to occur in the future,[71] and violations of safety standards are generally insufficient to fulfill the substantial certainty requirement.[72] An employer's failure to properly train an employee is insufficient to maintain an intentional tort claim,[73] as is the failure to use safety equipment by an employer.[74] Likewise, "actions which lead to a 'high probability' of injury do not rise to the level of substantial certainty, and even where acts or omissions constitute gross negligence, the substantial certainty exception is not met."[75]

In the present case, Plaintiffs argue that Defendants intentionally put its employees in harms way because "Million was repeatedly sent back to work with insufficient safety gear and no remedial measures being taken, and he was inevitably injured each time he was sent back to work, Brock's and Protherm's actions constitute an intentional act."[76] Plaintiffs also claim that Million "would get pricked through his safety gear by metal wires soaked in vinyl chloride and when he reported it, he was told that those injuries looked bad for his record and that he should refrain from reporting further injuries."[77] Plaintiffs

---

[70] *Dark*, 176 Fed. App'x at 571 (quoting *Reeves*, 731 So.2d at 211-12).
[71] *Snow*, 662 So.2d at 820.
[72] *Reeves,* 731 So.2d at 211.
[73] *See, e.g., Rogers*, 982 So.2d at 258-59; *Armstead*, 618 So.2d at 1143; *Carr v. Spherion*, No. 08-0326, 2009 WL 455408, at *9-10 (W.D. La. Jan. 28, 2009).
[74] *DelaHoussaye v. Morton Intern. Inc.*, 300 Fed. App'x. 257, 258, (5th Cir. 2008), citing *Micele,* 709 So.2d at 1068.
[75] *Chaisson,* at *6, quoting *Guillory*, 95 F.3d at 1327-28 (finding that even where some employees and supervisors were aware that several forks had detached from forklifts and some employees knew that subject forklift had fallen off, the evidence established only, at best, negligence).
[76] Rec. Doc. No. 75, p. 5 (citing Rec. Doc. 75-1, Deposition of James Million, pp. 115-116); Rec. Doc. No. 78, p. 5 (citing *Abney v. Exxon Corp.*, 755 So.2d 283 (La.App. 1 Cir. 1999)).
[77] Rec. Doc. No. 75, pp. 5-6 (citing Rec. Doc. 75-1, pp. 115-116); Rec. Doc. No. 78, pp. 5-6 (citing Rec. Doc. 78-2, pp. 115-116).
52393

argue that Defendants knew that Plaintiff's injuries were "substantially certain" to follow "their conduct" and was aware of the risk associated with exposure to "these chemicals". Defendants consistently put Plaintiff in harmful and dangerous conditions with insufficient protective equipment. However, Plaintiffs offer no evidence of Defendants' knowledge of these complaints, that these "injuries" are a result of any of the complaints, that Defendants had any basis to know and understand that these "injuries" would result from these complaints, the proven risks associated with any identified chemicals, and/or a link between an identified chemical, certain exposure, and the alleged injury.[78]

Defendants challenge Plaintiffs' claims that it intentionally exposed Plaintiff to chemicals and a harmful working environment with insufficient protective equipment. First, Defendants argue that Plaintiffs have not sufficiently plead that Defendants acted intentionally.[79] Second, Defendants argue that Plaintiffs have put forth no evidence proving their allegations and that these allegations rise to the level of an intentional tort.[80]

Protherm cites to Plaintiff's deposition testimony where he agreed that his co-workers were not trying to harm him in any way.[81] Brock argues that Plaintiffs mis-characterized James Million's testimony. Plaintiff did not testify that he was "restrained" from reporting his injuries as argued in his opposition; rather, he testified that his employer "stressed to be as careful as you can" because it is better for the company to have less injuries reported.[82]

---

[78] Rec. Doc. No. 75, p. 6; Rec. Doc. No. 78, p. 6.
[79] Rec. Doc. No. 94, p. 4 (citing Rec. Doc. 75-1, pp. 95-96); Rec. Doc. No. 92, p. 1.
[80] Rec. Doc. No. 94, p. 4 (citing Rec. Doc. 75-1, pp. 95-96); Rec. Doc. No. 92, p. 2.
[81] Rec. Doc. No. 94, p. 4 (citing Rec. Doc. 75-1, pp. 95-96).
[82] Rec. Doc. No. 92, p. 3 (citing Rec. Doc. 60-3, pp. 127-128).
52393

Defendants argue that there is no evidence in the record that any Protherm or Brock employee had knowledge that a release of chemicals would occur such that Defendants intentionally exposed Plaintiff to chemicals.[83]

The analysis in *Chiasson v. Hexion Specialty Chemicals, Inc.*[84] applies to the present matter. In *Chiasson,* the plaintiff worked at a chemical plant as a welder. He was involved in a "planned tank cleanout" when chemical waste product was released. The plaintiff claimed that the defendant deviated from the plan and procedure and, therefore, was "substantially certain" injury would result. The court granted the defendant's motion for summary judgment because even though the defendant admitted to not following the proper procedure, there was no evidence to support that the defendant "consciously desired" the plaintiff to suffer injuries.[85] The court in *Chiasson* explained:

> Here, Plaintiff has not alleged, nor is there any evidence to support, that Defendant consciously desired Plaintiff to suffer injuries. Therefore, Plaintiff's claims against Defendant are only viable if Plaintiff has pointed to evidence that Defendant knew injury was substantially certain to follow from Defendant's conduct, which conduct Plaintiff has alleged to be Defendant's failure to review the tank cleaning procedure with Turner employees. However, as explained above, this burden is high, and Plaintiff must be able to demonstrate at trial that Defendant knew that injury to Plaintiff was inevitable – not merely probable. Thus, for Plaintiff's case to survive summary judgment on the basis of Defendant's … defense, Plaintiff must point to some evidence that demonstrates a material issue of fact as to whether Defendant believed that injury to Plaintiff was 'incapable of failing.'"[86]

The matter presently before the Court is strikingly similar to *Chiasson*, not only in the factual allegations of exposure to cancer-causing chemicals, but also in the fact that

---

[83] Rec. Doc. No. 92, p. 3.
[84] 2012 WL 3683542 (E.D. La. Aug. 27, 2012).
[85] *Id.* at *7.
[86] *Chiasson*, 2012 WL 3683542, at *7.
52393

the pleadings are sparse in supporting a claim of an intentional act and that there is no evidence before the Court supporting a "conscious desire" of harm by the Defendants. Plaintiffs fail to point "to evidence that Defendants knew that injury was substantially certain to follow from Defendants' conduct".[87] The burden is high, and Plaintiffs do not demonstrate a material issue of fact as to Defendants' knowledge that injury to Million was "incapable of failing".

Similarly, in *Frank v. Shell Oil Company*[88], the surviving spouse of a refinery worker sued the oil company and its insurer on behalf of herself and her husband, alleging that her husband's exposure to benzene at the refinery caused the development of leukemia. Among several other claims, the plaintiff asserted a claim for intentional tort. Shell moved to dismiss, arguing the plaintiff's claims were barred by the exclusive remedy provision of the LWCA.[89] The plaintiff alleged that Shell was "well aware of the serious health hazards associated with the use of benzene," and that Shell "should have provided adequate and safely designed protective equipment, and conducted medical examinations as appropriate."[90] The plaintiff also alleged that the actions of Shell "were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damage or injury to the Plaintiffs," and that Shell "consciously and/or deliberately engaged in oppression, fraud, wantonness and/or malice with regard to Frank and other employees" such that Shell "would be held liable for the intentional infliction of physical injury upon its employee."[91] The plaintiff also alleged that Shell had intentionally

---

[87] *Id.*
[88] 828 F.Supp.2d 835 (E.D. La. 2011).
[89] *Id.* at 840.
[90] *Id.* at 849.
[91] *Id.* at 849-50.

52393

exposed Frank to benzene and knew with substantial certainty that the work conditions imposed would result in exposure to benzene which would naturally result in the disease from which he suffered.[92] The court granted Shell's motion and held:

> Plaintiff has not sufficiently alleged intentional tortious behavior on the part of Shell to prevent dismissal of her … claims. These allegations do not demonstrate Shell was 'substantially certain' Mr. Frank would be diagnosed with ALL Leukemia due to his exposure to benzene and benzene-related substances, but rather indicate that Shell 'knowingly permit[ed] a hazardous work condition to exist, knowingly order[ed] a hazardous work condition to exist, knowingly order[ed] a claimant to perform an extremely dangerous job, or willfully fail[ed] to furnish a safe place to work,' all of which the Louisiana Supreme Court holds is insufficient for an intentional tort.[93]

Here, Plaintiffs have not plead their case in the same detail as was done in *Frank*. Defendants argue that Plaintiffs did not plead an intentional act case at all.[94] Even if Plaintiffs' second motion for leave of court to amend their *Complaint* a third time to assert a claim of intentional acts had been granted,[95] the proposed allegations and record evidence still do not rise to the same level as *Frank*. Further, the matter presently before the Court is on summary judgment, and Plaintiffs must meet their evidentiary burden, which they have not done. In *Frank*, the motion before the court was a motion to dismiss.

District Courts of Louisiana have historically made similar findings. For example, in *Fanguy v. Eastover Country Club LLC*,[96] the plaintiff sought damages for injuries allegedly sustained due to exposure to certain chemicals while working as a groundskeeper. The plaintiff claimed that the defendant, his employer, required him to

---

[92] *Id.* at 850.
[93] *Id.* (*See Reeves*, 98-1795, at p. 5, 731 So.2d at 210; *see also Zimko v. American Cyanamid*, 2003-0658 (La.App. 4th Cir. 7/15/05), 905 So.2d 465, 475-80; *Perret v. Cytec Indus., Inc.*, 04-745 (La.App. 5 Cir. 11/30/04), 889 So.2d 1121, 1125-26.
[94] Rec. Doc. No. 94; Rec. Doc. No. 92, p. 1.
[95] Rec. Doc. No. 69, 96.
[96] 2002 WL 1888901 (E.D. La. Aug. 16, 2002).
52393

use chemicals without protective equipment and that his employer knew that the chemicals were harmful. Plaintiff claimed that the defendant's actions fell within the intentional act exception to the LWCA. The court found that the employer's actions did not constitute an intentional act because no evidence substantiated the plaintiff's claim or demonstrated that the defendant knew that injury was substantially certain to follow from its actions. "While Plaintiff's allegations, if true, are quite serious, [defendant's] alleged conduct falls within categories of gross negligence, violations of OSHA and other safety standards, failure to provide requested safety equipment, and disregarding a known safety risk. Louisiana courts have repeatedly held that these claims do not fall within the intentional act exception to Louisiana workers' compensation law".[97]

This Court, too, has found that the alleged failure of an employer to provide a safe work place and the alleged failure to provide protective equipment, including in a scenario of known chemical exposure, does not invoke the intentional act exception.[98]

The Court finds the allegations in the above caselaw analogous to the present case. It is clear to the Court that Plaintiffs' allegations amount to negligence, despite the use of certain legal phrases in an attempt to transform the claims into intentional torts. A plaintiff cannot merely include the word "intentional" or the phrase "substantially certain" in a proposed amended complaint, pleading or memorandum to avoid application of the exclusive remedy provision of the LWCA. Plaintiffs have failed to present sufficient

---

[97] *Fanguy*, 2002 WL 1888901, at *4 (citing *Micele*, 709 So.2d at 1068 (explaining that "the following acts do not fall within the intentional tort exception: (1) allegations of failure to provide a safe place to work; (2) poorly designed machinery and failure to follow OSHA safety provisions; (3) failure to provide requested safety equipment; and (4) failure to correct unsafe working conditions")).
[98] *See Williams*, 2016 WL 807762, at *8-9 (concluding that there were no specific allegations of notification of known injuries that resulted from known chemical exposure and that despite the specific knowledge the employer continued to order working in the same conditions).
52393

summary judgment evidence that Defendants intended to harm Plaintiff or that said harm was substantially certain to occur. Even if Defendants had knowledge of the dangers associated with chemical exposure absent the use of proper safety equipment, without evidence that they intentionally and consciously desired the result of any alleged exposure, Plaintiff is limited to recovery against Defendants in workers' compensation. Therefore, even accepting all of Plaintiffs' allegations (those properly plead and those only argued in briefing) as true, the Court finds Plaintiffs have failed to present genuine issues of material fact that Defendants' actions fall under the intentional act exception as discussed above, and Defendants are entitled to summary judgment as a matter of fact and law.

### D. Brock's Alternative Causation Argument

Brock argues in the alternative that Plaintiffs are unable to prove an essential element of their case, medical causation; therefore, Brock urges the Court to dismiss Plaintiffs' claims of negligence and strict liability adverse to Brock. Because the Court has found that Brock is immune from a suit in tort as Plaintiff's employer and dismissed Plaintiffs' claims adverse to Brock on these grounds, it is unnecessary for the Court to address Brock's alternative argument.

### III. CONCLUSION

For the reasons set forth above, the Motion to Strike by Defendant, Protherm Services Group, LLC, is **DENIED,** and the Motions for Summary Judgment by Defendant, Protherm Services Group, LLC, and by Defendant, Brock Services, LLC, are **GRANTED**. Plaintiffs', James Million and Gloria Million's, claims adverse to Protherm Services Group, LLC and Brock Services, LLC are hereby dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 15, 2019</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**