**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES MILLION AND GLORIA MILLION | CIV. ACTION NO. 17-00060 |
| VERSUS | CHIEF JUDGE SHELLY D. DICK |
| EXXON MOBIL CORPORATION/ EXXON CHEMICAL COMPANY, ET AL. | MAG. JUDGE RICHARD L. BOURGEOIS, JR. |

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, Exxon Mobil Corporation ("Defendant" or "Exxon").[2] Plaintiffs, James Million ("Plaintiff" or "Million") and Gloria Million ("Mrs. Million")(collectively "Plaintiffs"), filed an *Opposition*[3] to the motion. Defendant *replied*.[4] For the reasons that follow, Defendant's motion for summary judgment is **GRANTED**.

**I.  FACTUAL BACKGROUND**

Plaintiffs are James Million, who worked in the chemical plant industry for over 40 years, and his wife, Gloria Million, who is bringing claims of loss of consortium.[5] Plaintiffs allege that Million was exposed to "numerous hazardous and toxic chemicals" when cleaning trucks that transported "many extremely hazardous chemicals".[6] Plaintiff retired

---

[1] Rec. Doc. No. 100.
[2] Plaintiffs name "Exxon Mobil Corporation/ Exxonmobil Chemical Company/ Exxonmobil Refining & Supply Company" and "its subsidiaries" as Defendants. Rec. Doc. No. 24, p. 2, ¶ 3. Plaintiffs treat the Defendants as a singular entity. *Id.* Plaintiffs also allege that "Exxonmobil Chemical Company and Exxonmobil Refining & Supply Company are trade names for Exxon Mobil Corporation". Rec. Doc. No. 24, pp. 2-3, ¶ 3. Based on these allegations, Defendants appear as Exxon Mobil Corporation only. Rec. Doc. No. 100-1, p. 1, n. 1, citing Rec. Doc. No. 24, pp. 2-3, ¶ 3.
[3] Rec. Doc. No. 105.
[4] Rec. Doc. No. 109.
[5] Rec. Doc. No. 24, p. 6.
[6] *Id.*
58239

around 2008 or 2009.[7] During his career, he worked for "several companies" that were subcontracted by Exxon.[8] Plaintiffs claim that Exxon "supplied, manufactured and used the hazardous and toxic chemicals and other unsafe materials exposed to the plaintiff".[9] Plaintiffs further allege that Million was diagnosed with lymphoma cancer and pulmonary embolisms, allegedly known to be caused by "cancer causing chemicals".[10]

In their original *Complaint*, Plaintiffs plead claims of negligence and strict liability only.[11] Plaintiffs amended their *Complaint* on June 6, 2017, and plead the same causes of action of negligence and strict liability.[12] A second amendment to the *Complaint* was allowed on June 22, 2017, and Plaintiffs maintained the same causes of action.[13]

Exxon moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Exxon contends that Plaintiffs' claims of negligence and strict liability should be dismissed because Plaintiffs do not have the requisite medical evidence to prove general and specific causation for the cancer at issue. Exxon argues that it is entitled to summary judgment because Plaintiffs cannot meet their burden of proof.[14]

---

[7] *Id.*
[8] *Id.* Plaintiff's former employers included Protherm Services Group, LLC and Brock Services, LLC, who were named Defendants in this matter. Rec. Doc. No. 1, p. 4. Both parties were dismissed on summary judgment on July 16, 2019. Rec. Doc. No. 97.
[9] Rec. Doc. No. 24, p. 7.
[10] *Id.*
[11] Rec. Doc. No. 1, pp. 6-8.
[12] Rec. Doc. No. 18.
[13] Rec. Doc. No. 24. Plaintiffs sought leave of court to amend their *Complaint* a third time on January 9, 2019. Rec. Doc. No. 57. The Court denied Plaintiffs' motion for leave to amend. Rec. Doc. No. 58. Plaintiffs then sought reconsideration of this ruling, Rec. Doc. No. 61, which was also denied. Rec. Doc. No. 66. On February 19, 2019, Plaintiffs sought leave of court a second time, seeking to amend the *Complaint* a third time. Rec. Doc. No. 69. The second motion for leave of court was denied. Rec. Doc. No. 96.
[14] Rec. Doc. No. 100-1, p. 1.
58239

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[15] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[16] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[17] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[18]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[19] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla

---

[15] Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).
[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).
[17] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex,* 477 U.S. at 323-25, 106 S.Ct. at 2552).
[18] *Id.* at 1075.
[19] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).
58239

of evidence.[20] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[21] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[22] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[23]

### B. Medical Causation

Defendant contends that summary judgment is warranted because there is an absence of proof of medical causation. Under Louisiana law, Plaintiffs bear the burden of proving causation by a preponderance of the evidence.[24] The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiffs prove through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.[25] "Furthermore, under Louisiana law, it is well-settled that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge."[26] Therefore, if Plaintiff's lymphoma and pulmonary embolisms purportedly caused by the exposure to industrial

---

[20] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.
[21] *Wallace,* 80 F.3d at 1048 (quoting *Little,* 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).
[22] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing,* 70 F.3d 26 (5th Cir. 1995).
[23] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
[24] *Morris v. Orleans Parish School Bd.*, 553 So.2d 427, 430 (La. 1989).
[25] *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759 (citing *Mart v. Hill*, 505 So.2d 1120 (La. 1987); *Villavaso v. State Farm Mut. Auto. Ins. Co.*, 424 So.2d 536 (La. App. 4th Cir. 1982) ).
[26] *Angelle v. Matthews*, No. CV 16-539-SDD-RLB, 2018 WL 1547348, at *2 (M.D. La. Mar. 29, 2018) (citing *Chavers v. Travis*, 2004-0992 (La. App. 4 Cir. 4/20/05), 902 So. 2d 389, 395 (La. App. 4 Cir. 2005) ); *see also Robinette v. Lafon Nursing Facility of the Holy Family*, 2015-1363 (La. App. 4 Cir. 6/22/17), 223 So. 3d 68.

chemicals are not conditions that are "within common knowledge," then Plaintiffs are required to offer expert medical testimony to prove causation. Courts have found that "injuries as a result of chemical exposure" are conditions that require expert medical testimony regarding causation.[27] Also, the causal link between exposure and cancer[28] as well as the cause of pulmonary embolisms[29] are conditions that require expert medical testimony regarding causation. Since lymphoma and pulmonary embolisms purportedly caused by chemical exposure are not conditions "within common knowledge" of a layperson, Plaintiffs are required to produce expert medical testimony in order to prove that Million's lymphoma and pulmonary embolisms were caused by the alleged work-related chemical exposure.

Plaintiffs must also present reliable medical evidence to establish both general and specific causation.[30] General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury.[31] In this matter, Plaintiffs specifically claim that Million was exposed to benzene and vinyl chloride. Therefore, Plaintiffs must establish that exposure to benzene and/or vinyl chloride could possibly cause non-Hodgkin's lymphoma and pulmonary embolisms, and Plaintiffs must establish that Million was exposed to benzene and/or vinyl chloride and that this specific exposure caused Million's non-Hodgkin's lymphoma and pulmonary embolisms.

---

[27] *Johnson v. E.I. DuPont deNemours & Co.*, 08-628 (La. App. 5 Cir. 1/13/09), 7 So. 3d 734, 740.
[28] *Cibilic v. BP Exploration and Production*, 2017 WL 1064954, *2 (E.D. La. Mar. 21, 2017).
[29] *Carmichael v. Reitz*, 17 Cal. App. 3d 958 (Ct.App. 2d Dist. May 27, 1971).
[30] *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *Seaman v. Seacor Marine, LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd by Seaman v. Seacor Marine, LLC*, 326 F. App'x. 721, 723 (5th Cir. 2009).
[31] *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007).

Plaintiff's treating oncologist is Dr. Siva Yadlapati.[32] Dr. Yadlapati testified by deposition that Plaintiff was diagnosed with B-cell non-Hodgkin's lymphoma, which is a high grade, or fast growing, cancer. It is "fairly common".[33] Significantly, Dr. Yadlapati testified that he has "no idea" what the "risk factors for developing B-cell lymphoma" are.[34] In fact, he has "no opinion" as to what caused Plaintiff's lymphoma or "renal cell carcinoma" because he is a "medical oncologist", not a "pathologist". He only treats cancer and is unable to "say what is associated with what".[35] Defendant argues that "this lack of opinion from the treating physician assigning an industrial or chemical cause to the disease at issue would be afforded deference in comparison to the opinion of any expert the Plaintiffs could have retained, and who may have only examined Mr. Million once or twice in the context of litigation."[36] Significantly, Plaintiffs did not retain a medical expert to render opinion testimony on general or specific causation.

Defendant retained and designated Dr. Ethan Natelson, a board-certified hematologist, as its expert.[37] Dr. Natelson's expert report, offered by Defendant in support of its motion for summary judgment, states that the cause of most non-Hodgkin's lymphomas is unknown; infectious disorders have been thought to be the most common known cause of non-Hodgkin's lymphomas; and exposure to noxious chemicals has "faded" as a cause of the disease.[38] Defendant argues that non-Hodgkin's lymphoma is

---

[32] Rec. Doc. No. 100-2.
[33] Rec. Doc. No. 100-2, pp. 2-3.
[34] Rec. Doc. No. 100-2, p. 5.
[35] *Id.*
[36] Rec. Doc. No. 100-1, p. 3, citing *Berthelot v. Imes*, 459 So.2d 1384 (La.App. 1st Cir. 1984).
[37] Rec. Doc. No. 100-1, p. 3, citing Rec. Doc. No. 100-3.
[38] Rec. Doc. No. 100-3, p. 4. "There is a general agreement in the medical literature that in the vast majority of patients with NHL, no specific etiology for the illness is typically confirmed, although, in recent years, a spectrum of infectious disorders, primarily viral and bacterial have been thought responsible, making infectious agents the most common *known* cause of NHL…. The notion that exposure to noxious chemicals

58239

not a "signal" disease for chemical exposure, "like mesothelioma is for asbestos exposure", and is "not recognized to be a disease associated with certain work or chemical exposures".[39]

Neither Dr. Yadlapati, nor Dr. Natelson offer an opinion regarding causation of pulmonary embolisms. There is no evidence or mention of Plaintiff's pulmonary embolisms and its probable cause before the Court on summary judgment.

Relying upon the testimony of Plaintiff's treating oncologist and Defendant's expert hematologist's report, Defendant argues that Plaintiffs are unable to put forth the evidence necessary in the form of expert medical testimony to support the allegation that his work with industrial chemicals caused his non-Hodgkin's lymphoma and pulmonary embolisms. Defendant also argues that the deadlines for discovery and expert identification and report production have passed, and Plaintiff's treating oncologist does not serve to carry Plaintiffs' burden of proof.

In opposition, Plaintiffs do not offer any medical testimony, including any additional deposition testimony from Dr. Yadlapati. Plaintiffs argue that the Court should take judicial notice of published materials that link chemical exposure to lymphoma , an MSDS report on benzene and an informational paper on vinyl chloride, in order to find causation.[40] However, reliance upon an MSDS report on benzene and an informational paper on vinyl chloride, neither of which have been authenticated or attested to by a

---

may cause these diseases has faded, based upon numerous modern reports with long-term follow-up of many cohorts of industrial workers … with documented long term and varied chemical exposures."
[39] Rec. Doc. No. 100-1, p. 4.
[40] *See,* Rec. Doc. No. 106-1 and Rec. Doc. No. 106-4.
58239

medical professional, is insufficient to meet Plaintiff's burden of general or specific causation.[41]

Also, Plaintiffs argue that Defendant's expert does not opine that Plaintiff's exposure to benzene and vinyl chloride did not cause his lymphoma or pulmonary embolisms. However, as Defendant correctly notes, the burden to prove causation – that Plaintiff's work-related chemical exposure caused his non-Hodgkin's lymphoma and pulmonary embolisms – is one that belongs to the Plaintiffs, not Exxon. Exxon has shown that Million's treating oncologist testified by deposition that he cannot offer an opinion on causation. Plaintiffs have not offered any medical testimony to the contrary.

Plaintiffs also briefly address why Plaintiffs did not retain a medical causation expert. Plaintiffs submit that "several motions were pending with regards to the instant matter; including a motion to extend scheduling order deadlines".[42] Plaintiffs believed that good cause existed for the extension, implying that Plaintiffs assumed the extension would be granted.[43] Plaintiffs explain that "these motions were not resolved for several months after the deadlines ha[d] passed" and that "matters of judicial efficiency and cost efficiency would have been an undue burden on the Plaintiffs if they had to spend twice the effort and money to obtain an expert deposition and report".[44] Plaintiffs' argument suggests that Plaintiffs believed that the deadline would be extended and chose not to

---

[41] *See, Seaman v. Seacor Marine, LLC*, 326 F. App'x. 721, 726-27 (5th Cir. 2009)(reliance upon medical articles linking chemical exposure to bladder cancer insufficient to show medical causation). *See also, Bacon v. Ace American Ins. Co.*, Civ. A. No. 07-615, 2008 WL 5377998, *5, n. 5 (M.D. La. Dec. 23, 2008)(The plaintiff's own testimony of what caused her to have knee pain and knee surgery was insufficient to carry her burden of proof on summary judgment. "[C]ompetent *medical* evidence is needed to establish that the accident in question more probably than not caused [plaintiff] to have to undergo knee replacement surgery.")(emphasis in original).
[42] Rec. Doc. No. 105, p. 7.
[43] *Id.*
[44] *Id.* Plaintiffs do not seek an additional amount of time for expert identification and discovery.
58239

invest in retaining medical causation experts in anticipation of the additional time. When the extension was not granted and the deadlines had passed, Plaintiffs did not have a medical causation expert. Plaintiffs do not refute Defendant's position that the deadlines have passed and that it is too late for Plaintiffs to secure a medical causation expert at this time.

The Court finds that Plaintiffs have failed to come forward with the necessary evidence and expert testimony demonstrating a material issue of fact regarding the medical causation of Million's non-Hodgkin's lymphoma and pulmonary embolisms. It is well-settled in Louisiana that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge.[45] Plaintiffs have not offered any medical testimony as to what caused Plaintiff's medical condition. When faced with summary judgment, Plaintiffs did not even attempt to point to testimony of his treating oncologist,[46] or counter the testimony relied upon by Defendant.[47] Plaintiff simply cites to informative materials generally linking chemical exposure to cancer and more specifically discussing exposure to benzene and vinyl chloride and its link to various cancers.[48] However, as stated above, reliance upon an MSDS report on benzene and an

---

[45] *Lasha v. Olin Corp.*, 625 So.2d 1002, 1005 (La. 1993).
[46] *See, Zanowic v. Ashcroft*, No. 97 Civ. 5292, 52 Fed. R. Serv. 3d 702, 2002 WL 373229, *3 (S.D.N.Y. Mar. 8, 2002)(treating physician "can express an opinion as to 'the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of any disability, if any, caused by the injury.'"). The issue before the Court is not whether Plaintiff's treating oncologist is qualified or able to opine to causation, but that no medical professional has opined to medical causation in this matter.
[47] *See, Bray v. Strategic Restaurants*, Civ. A. No. 08-767, 2010 WL 1384665, *3 (M.D. La. Mar. 30, 2010)("[O]ne of the elements plaintiff must prove is causation between the alleged negligence of the defendants and the injury suffered by the plaintiff…. Because the plaintiff's own treating physicians deny a causal link between the alleged incident and the plaintiff's injuries …, the Court finds that the plaintiff has failed to meet its burden of proof with regard to these injuries.").
[48] *See,* Rec. Doc. No. 106-1 and Rec. Doc. No. 106-4.

informational paper on vinyl chloride is insufficient to meet Plaintiff's burden of general or specific causation.[49]

Accordingly, because Plaintiffs have failed to come forward with sufficient evidence to demonstrate a material issue of fact as to medical causation, summary judgment on his claims of negligence and strict liability adverse to Defendant is proper.[50]

## III. CONCLUSION

For the reasons set forth above, Exxon Mobil Corporation's Motion for Summary Judgment is GRANTED. Plaintiffs' Louisiana state law claims against Defendant Exxon Mobil Corporation are dismissed with prejudice. No claims remain pending, and all parties have been dismissed; therefore, this matter is dismissed in its entirety.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 5th day of December, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[49] *See, Seaman v. Seacor Marine, LLC*, 326 F. App'x. 721, 726-27 (5th Cir. 2009)(reliance upon medical articles linking chemical exposure to bladder cancer insufficient to show medical causation). *See also, Bacon v. Ace American Ins. Co.*, Civ. A. No. 07-615, 2008 WL 5377998, *5, n. 5 (M.D. La. Dec. 23, 2008)(The plaintiff's own testimony of what caused her to have knee pain and knee surgery was insufficient to carry her burden of proof on summary judgment. "[C]ompetent *medical* evidence is needed to establish that the accident in question more probably than not caused [plaintiff] to have to undergo knee replacement surgery.")(emphasis in original).

[50] By contrast, *see Guidry v. Southern Petroleum Laboratories*, Civ. A. No. 03-936, 2007 WL 9700897, *2 (M.D. La. July 13, 2007)(where summary judgment was denied because the plaintiffs produced testimonial evidence that the chemical exposures experienced by the plaintiff caused an aggravation of his condition, which competed with the defendant's expert (Exxon's expert) whose opinion was in direct conflict, thereby creating a genuine issue of material fact to be left to the jury to determine). Here, the evidence is not conflicting. There is no issue of material fact. There is, simply put, no evidence of medical causation.
58239